**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

BILLIE J. BAKER,                              )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )        Case No. CIV-04-598-CH
                                             )
JO ANNE B. BARNHART,                         )
Commissioner of the Social Security          )
Administration,                              )
                                             )
                    Defendant.               )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Billie J. Baker seeks judicial review pursuant to 42 U.S.C. § 405(g) of the

final decision by the Defendant Commissioner denying Plaintiff's application for

supplemental security income benefits (SSI benefits).  Pursuant to 28 U.S.C. § 636(c), the

parties have consented to the exercise of jurisdiction over this matter by a United States

Magistrate Judge to order the entry of judgment in this case. The Commissioner has

answered and filed the Administrative Record [Doc. #12] and a Supplement to the

Administrative Record [Doc. #23] ("AR").[1]  Both parties have briefed their respective

positions, and the matter is now at issue.  For the reasons stated below, the Commissioner's

decision is reversed and remanded for further proceedings consistent with this opinion.

---

[1]The Supplement to the Administrative Record merely supplies pages inadvertently omitted
from the original filing of the Administrative Record.  For ease of reference, therefore, the
Administrative Record and the Supplement to the Administrative Record will be collectively cited
as "AR."

I.      **Procedural History**

Plaintiff protectively filed an application for SSI benefits on December 13, 2001, and

her application was denied initially and on reconsideration.  Subsequently, a hearing was

held before an Administrative Law Judge (ALJ), and after consideration of the evidence, the

ALJ found that Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request

for review.  Therefore, the decision of the ALJ (AR 15-24) is the final decision of the

Commissioner.

II.     **The ALJ's Disability Determination**

The ALJ followed the sequential evaluation process required by 20 C.F.R. § 416.920

and first determined that Plaintiff had not engaged in substantial gainful activity since

December 13, 2001, the alleged onset date.  AR 16, 23.  At step two, the ALJ determined that

Plaintiff suffers from severe impairments including degenerative joint disease of the lumbar

spine, chronic back pain, abdominal pain and depression.  AR 16, 23.  At step three, the ALJ

found no impairment or combination of impairments that meets or equals the criteria of any

listed impairment described in the regulations.  AR 18, 23.  At step four, the ALJ determined

Plaintiff retains the residual functional capacity to perform a significant range of light work.

AR 21, 23.  The ALJ further found that Plaintiff has no relevant past work.  AR 21, 23.  The

ALJ determined, at step five of the sequential evaluation process, that Plaintiff could perform

a significant number of jobs that exist in the national economy and, therefore, that Plaintiff

is not disabled.  AR 22-23, 23-24.

**III.**    **Plaintiff's Claims Raised on Appeal**

Plaintiff brings two claims of alleged error by the ALJ.  First, Plaintiff claims the ALJ committed legal error at step five of the sequential evaluation process based on inconsistencies between the testimony of the vocational expert (VE) and the Dictionary of Occupational Titles (DOT).   Second, Plaintiff claims the ALJ's mental residual functional capacity determination is not supported by substantial evidence.

Plaintiff's claims relate solely to limitations in her mental functioning and the evidence pertinent to those claims is discussed in context below.  Recitation of Plaintiff's medical records related to her physical impairments, therefore, is not required.

**IV.**    **Standard of Review**

Judicial review of the Commissioner's decision is limited to determining whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *See Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). The Court will "meticulously examine the record and view it in its entirety" to determine whether the evidence supporting the Commissioner's decision is substantial in light of any contradictory evidence.  *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988); *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).   "Substantial evidence" is evidence that a reasonable person might deem adequate to support the ultimate conclusion.  *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994); *Potter v. Secretary of Health & Human Servs.*, 905 F.2d 1346, 1348 (10th Cir. 1990).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

If substantial evidence does not support the Commissioner's decision, or if the Commissioner fails to apply the correct legal standard, the Court must reverse the Commissioner's findings. *Washington v. Shalala*, 37 F.3d 1437, 1439-40 (10th Cir. 1994); *Descheenie v. Bowen*, 850 F.2d 624, 628 (10th Cir. 1988). The Court, however, may not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Castellano*, 26 F.3d at 1028.

## IV.   Analysis

### A.   Conflict Between the VE Testimony and the DOT as to Reasoning Level

In her first claim, Plaintiff contends the ALJ committed legal error at step five of the sequential evaluation process based on alleged inconsistencies between the testimony of the VE and the Dictionary of Occupational Titles (DOT). The ALJ determined that Plaintiff could perform only unskilled work and that Plaintiff's RFC limited her to "understand[ing], remember[ing] and carry[ing] out short and simple instructions." AR 21, 23. The ALJ included these limitations in the hypothetical questions posed to the VE. AR 332-333. In response, the VE identified the following jobs: (1) food and beverage order clerk; (2) addresser clerk; and (3) silver wrapper. AR 333-334. Plaintiff contends that the General Educational Development (GED) reasoning levels for these jobs, as set forth in the DOT, are

inconsistent with Plaintiff's RFC restricting her to jobs which require the ability to remember and carry out only short and simple instructions.

The GED reasoning levels reflect education obtained in elementary school, high-school or college. *See* DOT, Vol. II, Appendix C at 1009, 1012.[2]  The DOT defines six reasoning levels, with level one being the most basic level.  Reasoning level one requires the worker to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id*. at 1011.  Plaintiff contends her RFC restricts her from performing any jobs that require a reasoning level beyond level one.   The VE did not identify any jobs with a reasoning level of one.

### 1.      Food and Beverage Clerk -- Reasoning Level Three

The VE identified the job of food and beverage order clerk which the DOT lists as having a reasoning level of three. *See Dictionary of Occupational Titles* (DOT) (4th ed.1991) Vol. I, § 209.567-014.  Reasoning level three requires the worker to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "deal with problems involving several concrete variables in or from standardized situations." *Id*., Vol. II, Appendix C at 1011.

_____

[2]The record shows that at the time of the ALJ's decision, Plaintiff was a 27-year-old individual who completed education through the eleventh grade. AR 15.  Plaintiff has no past relevant work.  AR 15-16.

*Hackett v. Barnett*, 395 F.3d 1168 (10th Cir. 2005), decided after the submission of the

parties' briefing in this action, provides guidance with respect to this claim.  In *Hackett*, the

VE identified jobs that required a reasoning level of three.   The ALJ relied upon these jobs

at step five to conclude that a significant number of jobs exist which the plaintiff could

perform.  Similar to this case, the ALJ's residual functional capacity determination limited

the plaintiff to performing "simple and routine work tasks."  The Tenth Circuit found "[t]his

limitation seems inconsistent with the demands of level-three reasoning." *Id.* at 1176, *citing*

*Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997).  Therefore, the Tenth Circuit reversed and

remanded the action so that the ALJ could "address the apparent conflict between the

Plaintiff's inability to perform more than simple and repetitive tasks and the level-three

reasoning required by the jobs identified as appropriate for her by the VE."  *Id.*  Based on

*Hackett*, Plaintiff is correct that an inconsistency exists between Plaintiff's RFC limiting her

to short and simple instructions and the level-three reasoning required for the job of food and

beverage clerk.

 2. **Addresser Clerk and Silver Wrapper -- Reasoning Level Two**

The remaining two jobs identified by the VE, addresser clerk and  silver wrapper, are

listed in the DOT as having a reasoning level of two.  *See* DOT, Vol. I, § 209.587-101 and

§ 318.687-018, respectively.  Reasoning level two requires the worker to be able to "[a]pply

commonsense understanding to carry out detailed but uninvolved written or oral instructions"

and to "[d]eal with problems involving a few concrete variables in or from standardized

situations." *Id*.  According to Plaintiff, the need to follow "detailed" but  "uninvolved" instructions exceeds the ALJ's residual functional capacity determination limiting Plaintiff to "short and simple instructions."

In *Hackett* the Tenth Circuit noted, in dicta, that level two reasoning appeared "more consistent with Plaintiff's RFC" limiting her to performing simple and routine work *tasks*. 395 F.3d at 1176 (emphasis added).  Other courts have similarly concluded that the level-two reasoning requirement is not inconsistent with an RFC limiting a claimant to simple work tasks.  *See Money v. Barnhart*, No. 03-2553, 2004 WL 362291 (3d Cir. Feb. 12, 2004) (unpublished op.) ("Working at reasoning level 2 would not contradict the mandate that [claimant's] work be simple, routine and repetitive. . . [and, therefore,] the district court correctly found that many of the jobs identified by the VE met the limitations set in [claimant's] RFC."); *Temple v. Callahan*, No. 96-55024, 1997 WL 289457 (9th Cir. May 29, 1997) (unpublished op.) (finding that jobs identified by the VE and having a reasoning level of two did not conflict with VE's testimony that claimant could perform only "simple, routine and repetitive tasks"); *Flaherty v. Halter*, 182 F. Supp.2d 824, 850 (D. Minn. 2001) ("[T]he DOT's level two reasoning requirement did not conflict with the ALJ's prescribed limitation" that claimant could perform work involving "simple, routine, repetitive, concrete, tangible type of a task.").  At least one court has found to the contrary.  *See Allen v. Barnhart*, No. C-02-3315 EDL, 2003 WL 22159050 (N.D. Cal. Aug. 28, 2003) (unpublished op.) ("The [level two reasoning] need[ed] to follow 'detailed' and 'involved' instructions

exceeds the ALJ's limitation of plaintiff to 'simple, routine tasks.' Such instructions are not simple and uncomplicated, or limited to one or two steps.").

Here, however, the ALJ's RFC was even more restrictive, limiting Plaintiff to short and simple *instructions* not *tasks*. *See, e.g., Flagg v. Barnhart*, No. 04-45-B-W, 2004 WL 2677208 (D. Me. Nov. 24, 2004) (unpublished op.) ("[A] claimant limited to the performance of jobs entailing only simple instructions . . . would be incapable of performing any of the jobs identified by [the vocational expert], all of which have . . . reasoning levels of 2 or 3."). The ALJ's RFC seems more compatible with reasoning level one (simple one-or-two step instructions) than reasoning level two (detailed but involved instructions). Due to this apparent conflict between the DOT and the VE's testimony, a remand is required. *Compare Cooper v. Barnhart*, No. 03-CV-665-J, 2004 WL 2381515 (N.D. Okla. Oct. 15, 2004) (unpublished op.) (finding it "not entirely clear" whether a reasoning level of two "would be similar to simple and repetitive tasks" and remanding for further development by the ALJ and the VE). On remand, the ALJ should further develop the record, including testimony of the VE, to determine whether Plaintiff's RFC limits her to jobs requiring a reasoning level one, or whether Plaintiff may be capable of also performing jobs requiring a reasoning level of two. The ALJ should ensure that any inconsistencies between the DOT and the testimony of the VE are explained adequately in the record.

On remand, the ALJ should address an additional issue raised by the Commissioner. The DOT contains a Specific Vocational Preparation (SVP) for each job description. The

SVP addresses the level of vocational preparation necessary to perform the job and is defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *See* DOT, Vol. II, Appendix C at 1009. The Commissioner contends that the SVP for each of the jobs identified by the VE is determinative of Plaintiff's claim. According to the Commissioner, the fact that the jobs identified have an SVP of one or two establishes that the jobs are unskilled and within the ALJ's RFC determination.

Contrary to the Commissioner's argument, courts to address this issue have deemed the GED reasoning levels  more pertinent than the SVP ratings in determining the issue of a job's simplicity. *See, e.g., Hall-Grover v. Barnhart*, No. 03-239-P-C, 2004 WL 1529283 (D. Me. April 30, 2004) (unpublished op.). ("SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity, which appears to be more squarely addressed by the GED ratings."); *Mead v. Barnhart*, No. 04-139-JD, 2004 WL 2580744 (D. N. H. Nov. 15, 2004) (remanding due to conflict between VE's testimony and GED reasoning level and rejecting Commissioner's argument that no inconsistency existed based on the SVP level of the job). In addition, the Eighth Circuit has relied upon the GED reasoning level to addressing the issue of a job's simplicity. *See Lucy v. Chater*, 113 F.3d at 909 (consulting GED reasoning levels to determine whether claimant could perform "simple instructions" and noting that many unskilled sedentary jobs require "more than the mental capacity to follow simple

instructions"). These authorities are persuasive. On remand, to the extent the SVP and the

GED would create any inconsistent results with respect to whether Plaintiff could perform

the jobs identified by the VE, the issue should be addressed by the ALJ and the VE.

### B.      Social Functioning Restrictions

In her second claim, Plaintiff contends the ALJ's mental residual functional capacity

determination is not based upon substantial evidence because it fails to include a restriction

on social functioning.[3]   According to Plaintiff the ALJ should have more specifically

included in the RFC, and the hypothetical questioning of the VE, a restriction on "contact

with co-workers and supervisors." *See* Plaintiff's Opening Brief at 13.

In support of this claim, Plaintiff cites treatment records of Dr. Kale who noted that

Plaintiff was "emotional" upon examination in March 2000. AR 155. Plaintiff also cites

treatment records of Dr. Beasley who noted in November 2001 that Plaintiff was tearful,

upset and angry. AR 110. These notations are not tied to any medically determinable mental

impairment and there is no evidence that Plaintiff presented in this "emotional" manner for

any reason tied to "social functioning."

The mental assessments contained in the record, however, reflect some degree of

restriction of social functioning. In May 2002, a consultative examiner, Dr. Varghese,

---

[3]"Social functioning refers to [the claimant's] capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals . . . . Social functioning in work situations may involve interactions with the public, responding appropriately to persons in authority (e.g., supervisors), or cooperative behaviors involving coworkers." 20 C.F.R. Part 404, Subpart P. App. 1, § 12.00(C)(2).

completed a Psychiatric Review Technique form. AR 165-171A. Dr. Varghese determined

Plaintiff suffers from affective disorders, namely depressive syndrome characterized by

appetite and sleep disturbance and decreased energy. AR 166 A. Under the "B" Criteria, Dr.

Varghese concluded Plaintiff suffered only mild difficulties in maintaining social

functioning. AR 170.  Dr. Varghese also completed a  mental residual functional capacity

assessment of Plaintiff as part of the May 2002 examination.  AR 163-164. Dr. Varghese

found Plaintiff was not significantly limited in any of the areas of "social interaction"

including "[t]he ability to interact appropriately with the public," "[t]he ability to accept

instructions and respond appropriately to criticism from supervisors" and "[t]he ability to get

along with coworkers or peers without distracting them or exhibiting behavioral extremes."

AR 163A. Dr. Varghese further opined that Plaintiff would be able to interact appropriately

with co-workers and supervisors "at least in a cursory manner."  AR 164.

The ALJ generally agreed with the assessment of Dr. Varghese and concluded that

Plaintiff suffered only "mild difficulties in maintaining social functioning." AR 17, 21.  The

ALJ's conclusion is consistent with the evidence that Plaintiff suffered from depression.[4]

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff "has a mild to

moderate level of pain, fatigue and depression affecting her ability to work in a competitive

environment." The ALJ recited these same restrictions in his hypothetical questioning of the

VE.   AR 332-333.   The ALJ did not, however, specifically address Plaintiff's "mild

---

[4]Based on Plaintiff's testimony, her depression results from her chronic pain. AR 308.  She does not receive any treatment for mental health problems. *Id*.

difficulties in maintaining social functioning."  Hypothetical questions must be crafted

carefully to reflect a claimant's RFC, as "[t]estimony elicited by hypothetical questions that

do not relate with precision all of a claimant's impairments cannot constitute substantial

evidence to support the [Commissioner's] decision."  *Hargis v. Sullivan*, 945 F.2d 1482,

1492 (10th Cir. 1991) (quotation omitted).  The ALJ's broad description that Plaintiff suffers

a mild to moderate level of depression does not adequately incorporate his more specific

findings regarding Plaintiff's social functioning restriction.  On remand, the ALJ should

accurately describe Plaintiff's social functioning restriction when providing hypothetical

questions to the VE.

### Conclusion

The decision of the Commissioner is REVERSED and REMANDED for further

proceedings consistent with this opinion.  Judgment will be entered accordingly.

IT IS SO ORDERED this   19th   day of May, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE